# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No. 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

## INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING THE USE OF CASH UNDER 11 U.S.C. § 363, (B) GRANTING ADEQUATE PROTECTION UNDER 11 U.S.C. § 361 AND 363 AND (C) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)

This matter having come before the Court on the motion, dated November 25, 2009 (the "Motion")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of interim and final orders providing for the use of cash collateral and providing adequate protection; and the Court having reviewed the Motion and the Stevenson Declaration; and the Court, after an interim hearing (the "Interim Hearing") having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. <u>Disposition</u>. The Motion is GRANTED on an interim basis on the terms set forth herein. Any objections to the interim relief sought in the Motion that have not been previously

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion.

resolved or withdrawn are overruled on the merits. This Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the Debtor's chapter 11 case and the Motion as a core proceeding, and over the parties and property affected hereby under 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. No request has been made for the appointment of a trustee or examiner and no statutory committee has yet been appointed in the chapter 11 case.

3. <u>Notice</u>. Under the circumstances, the notice given by the Debtor of the Motion and the interim hearing on the Motion constitutes appropriate notice under the circumstances and complies with section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

4. <u>Findings Regarding the Use of Cash</u>.

   (a) Good cause has been shown for the issuance of this Order. The Debtor has an immediate need to use the Cash. The access of the Debtor to the Cash is necessary to preserve the value of the Debtor's estate.

   (b) Based on the record presented to the Court at the Interim Hearing, the terms of the use of Cash are fair and reasonable, and reflect the Debtor's prudent exercise of business judgment consistent with its fiduciary duties.

   (c) The Debtor has requested immediate entry of this Order under Bankruptcy Rule 4001(b)(2). Absent granting the relief sought by this Order, the Debtor's estate will be immediately and irreparably harmed. The use of Cash in accordance with this Order is therefore in the best interests of the Debtor's estate.

5. <u>Use of Cash</u>. The Debtor is authorized to use the Cash for working capital and general corporate purposes to preserve the value of the Debtor's business and for costs and expenses incurred in the Debtor's chapter 11 case. Unless specifically provided for herein, upon default by the Debtor under the terms of this Order and the Debtor's receipt of notice from the Prepetition Lenders, the Debtor shall immediately cease further use of the Cash without further order of this Court. Notwithstanding the foregoing, if the Debtor fails to timely pay interest due

the Prepetition Lenders, the Debtor shall have ten (10) days after receipt of notice from the Prepetition Lenders to cure any such default prior to ceasing further use of Cash.

6. <u>Adequate Protection</u>. The Prepetition Lenders are entitled, under section 363(e) of the Bankruptcy Code, to adequate protection against the diminution in the value of the Cash to the extent of the Prepetition Lenders' interest therein (the amount of any such diminution being referred to hereinafter as the "Adequate Protection Obligations"). As adequate protection, the Debtor hereby grants to the Prepetition Lenders the following:

(d) <u>Interest</u>: The Debtor shall pay the Prepetition Lenders interest, after application to the remaining loan balance (if any) of the cash over which the Prepetition Lenders exerted control prepetition, at the non-default contract rate as provided for under the Loan Agreement.

(e) <u>Adequate Protection Liens</u>. As security for the Adequate Protection Obligations, the Prepetition Lenders are hereby granted (effective and perfected as of the Petition Date and without the necessity of the execution by the Debtor of any financing statements, pledge agreements, security agreements, or other agreements) a valid and perfected security interest in, subject to the Carve-Out, in any and all assets of the Debtor's estate, with the exception of the proceeds from any avoidance actions under sections 544, 547, 548, and 550 of the Bankruptcy Code (the "Replacement Security").

7. <u>Carve-Out</u>. For purposes hereof, the "Carve-Out" shall mean (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory rate; and (ii) to the extent allowed at any time, whether by interim order, procedural order or otherwise, all unpaid fees and expenses (the "Professional Fees") incurred or accrued by professionals or professional firms retained by the Debtor pursuant to section 327, 363 or 1103 of the Bankruptcy Code (the "Professional Persons") up to $250,000; provided, however, that the Carve-Out shall not include, apply to or be available for any fees and expenses incurred by any party, including any Debtor or any Committee, or its professionals, including the Professional Persons, in

connection with the initiation or prosecution of any claims, causes of action, adversary proceedings or other litigation against the Prepetition Lenders. For the avoidance of doubt and notwithstanding anything to the contrary herein or in any related loan document, the Carve-Out shall be senior to all liens securing the Adequate Protection Obligations, priority claims, and any and all other forms of adequate protection, liens or claims securing the Adequate Protection Obligations.

8. <u>Perfection of Adequate Protection Liens</u>. The Adequate Protection Liens granted under this Order shall constitute valid and duly perfected security interests and liens, and the Prepetition Lenders are hereby not required to (but are authorized to) file or record financing statements, mortgages, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens, and such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge dispute or subordination, as of the date of entry of this Order.

9. <u>Preservation of Rights Granted Under the Order</u>.

   (f) The Adequate Protection Liens shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code.

   (g) If an order dismissing the chapter 11 case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (i) the Adequate Protection Liens granted to the Prepetition Lenders under this Order shall continue in full force and effect and shall maintain their priorities as provided in this Order until all Adequate Protection Obligations shall have been paid and satisfied in full (and that such Adequate Protection Liens shall, notwithstanding such dismissal, remain binding on all parties in interest) and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in (i) above, to the fullest extent authorized by statute, and this Court shall not abstain from hearing any such proceeding.

(h) If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacatur or stay, shall not affect (i) the validity of any Adequate Protection Obligations incurred before the actual receipt of written notice by the Prepetition Lenders of the effective date of such reversal, modification or vacation stay, or (ii) the validity or enforceability of any lien or priority authorized or created hereby with respect to any Adequate Protection Obligations. Notwithstanding any such reversal, modification, vacatur or stay, any use of the Cash or Adequate Protection Obligations incurred by the Debtor to the Prepetition Lenders before the actual receipt of written notice by the Prepetition Lenders of the effective date of such reversal, modification, vacatur or stay, shall be governed in all respects by the original provisions of this Order, and the Prepetition Lenders shall be entitled to all the rights, remedies, privileges and benefits granted in section 363(m) of the Bankruptcy Code and this Order with respect to all uses of the Cash and Adequate Protection Obligations.

(i) Except as expressly provided in this Order, the Adequate Protection Liens and all other rights and remedies of the Prepetition Lenders granted by the provisions of this Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting the Debtor's chapter 11 case to a case under chapter 7 or dismissing the Debtor's chapter 11 case, or (ii) the entry of an order confirming a plan in the Debtor's chapter 11 case. The terms and provisions of this Order shall continue in the chapter 11 case or in any superseding chapter 7 case under the Bankruptcy Code, under the Bankruptcy Code, and the Adequate Protection Liens and all other rights and remedies of the Prepetition Lenders granted by the provisions of this Order shall continue in full force and effect until the Adequate Protections

10. <u>Binding Effect; Successors and Assigns</u>. The provisions of this Order, including all findings herein, shall be binding upon all parties in interest in the Debtor's chapter 11 case, including the Prepetition Lenders, any statutory committee appointed in the chapter 11 case, and the Debtor and its respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor) and shall inure to the benefit of the Prepetition Lenders and the Debtor and their respective successors and assigns.

11. <u>Final Hearing</u>. The Final Hearing shall be held on December 15, 2009 at 10:00 a.m. (Central time) before this Court. The Debtor shall promptly mail copies of this Order (which shall constitute adequate notice of the Final Hearing, to the parties having been

5

given notice of the Interim Hearing, to any other party that has filed a request for notices with this Court and to any statutory committee after the same has been appointed, or committee counsel, if the same shall have been employed. Any party in interest objecting to the relief sought at the Final Hearing shall serve a written objection upon: (a) Jenner & Block LLP, 353 North Clark Street, Chicago, Illinois 60654-3456, Attn: Vincent E. Lazar and Melissa M. Hinds; (b) counsel for any statutory committee appointed in this case; and (c) the Office of the United States Trustee for the Northern District of Illinois, in each case to allow actual receipt by the foregoing no later than December 14, 2009 at 4:00 p.m. (prevailing Central time).

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Chicago, Illinois
       December 1, 2009

_____
UNITED STATES BANKRUPTCY JUDGE