**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No. 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

**<u>NOTICE OF MOTION</u>**

PLEASE TAKE NOTICE that on April 6, 2010, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Final Application of Jenner & Block LLP for Compensation and Reimbursement of Expenses as Counsel to the Debtor**. You may appear at that time and place if you so desire.

Dated: March 3, 2010

<div style="margin-left: 50%;">

Respectfully submitted,

JENNER & BLOCK, LLP

By:____Vincent E. Lazar____
A Partner

</div>

Vincent E. Lazar  (6204916)
Melissa M. Hinds (6288246)
Landon S. Raiford (6297473)
JENNER & BLOCK, LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:  312-222-9350
Facsimile:  312-527-0484

## <u>CERTIFICATE OF SERVICE</u>

I, Vincent E. Lazar, an attorney, hereby certify that on March 3, 2010 I caused a copy of

the attached **Final Application of Jenner & Block for Compensation and Reimbursement of**

**Expenses as Counsel to the Debtor**, and **Notice of Motion** to be served: (1) electronically on

those entities who receive notice through the ECF system and identified on the attached Service

List; and (2) upon the parties who are not receiving notice through the ECF system, either via

first-class mail or facsimile, as indicated on the attached Service List.



Vincent E. Lazar

## SERVICE LIST

### REGISTRANTS SERVED VIA CM/ECF NOTIFICATION

| | |
|---|---|
| David A. Agay | dagay@kirkland.com, jstempel@kirkland.com, mwawrzyn@kirkland.com |
| Kurt M. Carlson | kcarlson@muchshelist.com, dmyer@muchshelist.com |
| William J. Factor | wfactor@wfactorlaw.com |
| Robert M. Fishman | rfishman@shawgussis.com |
| John W. Guzzardo | jguzzardo@shawgussis.com |
| Melissa M. Hinds | mhinds@jenner.com |
| Vincent E. Lazar | vlazar@jenner.com, lyap@jenner.com;docketing@jenner.com |
| Sara E. Lorber | slorber@wfactorlaw.com |
| Jeff J. Marwil | jmarwil@winston.com, ECF_Bank@winston.com |
| Colleen E. McManus | cmcmanus@muchshelist.com |
| William T. Neary | USTPRegion11.ES.ECF@usdoj.gov |
| Mark L. Radtke | mradtke@shawgussis.com, bharrington@shawgussis.com |
| Daniel Rubin | drubin@statmanharris.com |
| Marisa L. Saber | msaber@cozen.com |
| Jerry L. Switzer | jswitzer@polsinelli.com |
| Grayson T. Walter | gwalter@proskauer.com |

**<u>VIA FACSIMILE OR FIRST-CLASS MAIL</u>**

United States Trustee
219 S. Dearborn St., Room 819
Chicago, IL 60604
Telephone: 312-886-5785
Facsimile: 312-886-5794

Manish S. Shah
Assistant United States Attorney
U.S. Department of Justice
219 S. Dearborn St., 5th Floor
Chicago, IL 60604
Phone: 312-353-5300
Facsimile: 312-353-2067

Amy Stahl Cotter
Securities and Exchange Commission
175 W. Jackson, Ste. 900
Chicago, IL 60604
Telephone: 312-886-8501
Facsimile: 312-353-7398

Venture Lending & Leasing VI, Inc.
Venture Lending & Leasing V, Inc.
2010 N. 1st. St., Ste. 310
San Jose, CA 95131-2038
Telephone: 408-436-8577
Facsimile: 408-436-8625

Granite Global Ventures III LP
GGV III Entrepreneurs Fund LP
Robert M. Fishman
John W. Guzzardo
Mark L. Radtke
Shaw Gussis Fishman Glantz Wolfson &
    Towbin LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654
Telephone: 312-541-0151
Facsimile: 312-980-3888

Comerica Bank
c/o Kurt M. Carlson
Much Shelist Denenberg Ament &
Rubenstein, PC
191 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
Telephone: 312-521-2000
Facsimile: 312-521-2199

HealthBenefit Bank
d/b/a Blue Healthcare Bank
c/o David A. Agay
Kirkland & Elllis LLP
300 N. LaSalle St.
Chicago, IL 60654
Telephone: 312-862-2342
Facsimile: 312-862-2200

Coventry Health Care, Inc.
c/o Neal D. Colton
Cozen O'Connor
1900 Market St.
Philadelphia, PA 19103
Telephone: 215-665-2060
Facsimile: 215-701-2060

Plans' Holding Corp.
c/o David A. Agay
Kirkland & Ellis LLP
300 N. LaSalle St., 24th Floor
Chicago, IL 60654
Telephone: 312-862-2342
Facsimile: 312-862-2200

Sovereign Bank
c/o William J. Factor
Law Office of William J. Factor, Ltd.
1363 Shermer Rd.
Northbrook, IL 60062
Telephone: 847-239-7248
Facsimile: 847-574-8233

Spectrum Equity Investors V, LP
Spectrum V Investment Mgrs.' Fund LP
c/o Jeff J. Marwil
Grayson T. Walter
Proskauer Rose LLP
70 W. Madison St., Ste. 3800
Chicago, IL  60602
Telephone:  312-962-3550
Facsimile:  312-962-3551

Spectrum Equity Investors V, LP
Spectrum V Investment Mgrs.' Fund LP
c/o Michael A. Firestein
Proskauer Rose LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067
Telephone:  310-557-2900
Facsimile:  310-557-2193

UMB Bank N.A.
c/o Lisa A. Epps
Spencer Fane Britt & Browne LLP
1000 Walnut St., Ste. 1400
Kansas City, MO  64106
Telephone:  816-474-8100
Facsimile:  816-474-3216

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA  21126
Facsimile:  215-516-2015

Internal Revenue Service
230 S. Dearborn St.
Room 2400, Stop 6604-CHI
Chicago, IL 60604
Facsimile:  312-566-3915

Martin S. Hancock
4735 Kelvington Dr.
Indianapolis, IN  46254
Telephone:  317-549-5395
Facsimile:  866-235-2935

Kelly Burgon
10091 S. 1330 W.
South Jordan, UT  84095

Coventry Health Care
ATTN:  Allen F. Wise
2751 Centerville Rd., Ste. 400
Wilmington, DE  19808
Telephone:  302-995-6100
Facsimile:  302-633-4044

Carol D'Angelo
3366 SE Snow Rd.
Port Saint Lucie, FL  34984

Card Management Corporation
Attn: Legal Counsel
One Riverfront Place, 8th Floor
Evansville, IN 47708

Deccan I Servs. Pvt. Ltd.
iEnergizer
ATTN:  Ashish Madan
Plot No. 12C/1, South Phase
Thiru-Vi-Ka Industrial Estate
Grundy, Chennai - 600 032
INDIA
Telephone:  044-22253611
E-Mail:  ashishmadan@ienergizer.com
U.S. Contact Address:
    1120 Avenue of the Americas
    New York, NY  10036
    Telephone:  212-626-6684
    Facsimile:  212-626-6685

Dell Marketing LP
ATTN:  Kristen Carey
12234 N. IH 35, Building B
Austin, TX  78753-1705
Telephone:  512-728-3500
Facsimile:  512-728-2958

Dewitt Stern Group
ATTN:  Jolyon F. Stern
420 Lexington Ave., Ste. 2700
New York, NY  10070
Telephone:  212-867-3550
Facsimile:  212-949-2293

William Duncan
276 Via Linda Vista
Redondo Beach, CA  90277

Daniel Fitzsimmons
515 Fenelon Place
Dubuque, IA  52001

Flexright a/k/a Workable Solutions
ATTN:  Terry McCorvie
7120 Lake Ellenor Drive
Orlando, FL  32809
Telephone:  866-587-3539
Facsimile:  866-865-3539

Integrated Data Storage
ATTN:  Matt Mazic
70 W. Madison St., Ste. 1625
Chicago, IL  60602
Telephone:  312-334-6400
Facsimile:  312-334-6401

ISU Financial Services
ATTN:  Kaye Chavalas
201 California St., Ste. 200
San Francisco, CA 94111
Telephone:  800-782-9400
Facsimile:  415-248-3534

KPMG
ATTN:  Steven Carlin
757 Third Ave., 11th Floor
New York, NY  10017
Telephone:  212-909-5636
Facsimile:  212-954-5283
E-Mail:  sbcarlin@kpmg.com

Susan Patton
309 E. Main St.
West Frankfort, IL  62896
Qwest Communications
ATTN:  Richard Baer
1801 California
Denver, CO  80202
Telephone:  303-992-1400
Facsimile:  303-896-8515

Shawnee Administrative Servs., LLC
ATTN:  Jamie Simmons
204 E. Oak St.
West Frankfort, IL  62896
Telephone:  618-932-8050
Facsimile:  618-932-8051
E-Mail:  jamie@sas105.com

Thomas Simpson
4970 N. Bonita Ridge Ave.
Tucson, AZ  85750

Statim LLC
ATTN:  Charles Deberry
820 W. Greenwood Ave., #100
Waukegan, IL  60087
Telephone:  847-782-9100
Facsimile:  847-782-9101

Thoughtworks
ATTN:  Trevor Mather
200 E. Randolph St., 25th Floor
Chicago, IL  60601-6501
Telephone:  312-373-1000
Facsimile:  312-373-1001

Top Layer Security
ATTN:  Peter Rendall
1 Cabot Rd.
Hudson, MA  01749
Telephone:  978-212-1500
Facsimile:  978-212-1600

Daniel Young
479 Eisenhower Dr.
Louisville, CO  80027-1155

LEAF Funding, Inc.
11720A Crete Street
Moberly, MO  65270

MGL Consulting Corporation
10077 Grogan's Mill Road, Suite 300
The Woodlands, TX  77380

Ramsay Ehrlich
803 Hearst Avenue
Berkeley, CA  94710

ColoServ
360 Spear Street
Suite 200
San Francisco, CA  94105

RMAP Fleet Lease (RICOH)
1111 Old Eagle School Road
Watne, PA  19087

SunGard Corbel LLC
1660 Prudential Drive
Jacksonville, FL  32207-8197

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No. 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

**FINAL APPLICATION OF JENNER & BLOCK LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE DEBTOR**

Jenner & Block, LLP ("Jenner"), as counsel to the above-captioned debtor ("Canopy" or the "Debtor"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the United States Trustee Fee Guidelines — Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "UST Guidelines"), hereby submits this final application (the "Application") for compensation of services rendered and reimbursement of expenses incurred on behalf of the Debtor for the period from November 25, 2009 through December 30, 2009, seeking allowance of (i) $325,766.00 for the actual, reasonable, and necessary legal services rendered by Jenner, and (ii) actual, reasonable and necessary expenses incurred in the amount of $11,336.31.  In support of the Application, Jenner respectfully states as follows:

**BACKGROUND AND JURISDICTION**

1.     On November 25, 2009, ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.      On December 30, 2009, on the Debtor's motion, this Court entered an Order converting the Debtor's chapter 11 case to one under chapter 7, and the U.S. Trustee appointed Gus A. Paloian as the chapter 7 trustee in the case.  (Docket Nos. 92, 93).

3.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 5082-1, and the UST Guidelines.

## RETENTION OF JENNER & BLOCK

4.      On, November 27, 2009, the Debtor filed a motion to retain Jenner as its counsel *nunc pro tunc* to the Petition Date (Docket No. 10).

5.      On December 23, 2009, prior to the conversion of this case to a Chapter 7 case, the Court authorized the Debtor to employ Jenner as its counsel *nunc pro tunc* to the Petition Date.  (Docket No. 73).[1]

6.      The Court's December 23, 2009 Order provided that Jenner's compensation for legal services rendered and reimbursement of expenses incurred "in connection with [Jenner's] representation of the Debtor shall be pursuant to applications to be submitted to and approved by this Court …."  (Docket No. 73).

7.      Pursuant to Rule 2016(b), Jenner has not shared, nor agreed to share, any compensation it has received or may receive in this case with another person or party other than with Jenner's partners, of counsel, associates, and other employees, or any compensation another person or party has received or may receive in this case.

---

[1] Following conversion of the Debtor's case to a case under chapter 7, the Court authorized the Trustee to employ Jenner as his special counsel for certain matters. (Docket No. 176).

## RELIEF REQUESTED

8.      Jenner submits this Application for allowance of (a) compensation for actual, reasonable, and necessary professional services performed as counsel to the Debtor, and (b) reimbursement for actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Debtor.

9.      Jenner rendered legal services to the Debtor having a value of $325,766.00, calculated at Jenner's usual and customary hourly rates.  In addition, Jenner made disbursements to pay expenses in the amount of $11,336.31 during the pendency of the Debtor's chapter 11 proceeding.  Jenner has not received any payment for services performed or reimbursement for expenses incurred during the pendency of the Debtor's chapter 11 proceeding.  Jenner therefore seeks allowance in this Application of $325,766.00 in fees and $11,336.31 in expenses incurred during the pendency of the Debtor's chapter 11 proceeding.

10.     The fees sought by this Application reflect an aggregate of 679.4 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtor during the pendency of the Debtor's chapter 11 proceeding.  This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Debtor's estate, which has already been eliminated by Jenner.

11.     A schedule showing the name and position of each professional and paraprofessional, the hours worked during the pendency of the Debtor's chapter 11 proceeding, and each person's hourly billing rate is provided at the front of this Fee Application.

12.     Jenner's fees and costs were incurred as counsel to the Debtor.  Jenner's fees were derived using the applicable hourly billing rates for the firm's personnel who rendered such services.  Attached hereto as Exhibit A is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services in the Debtor's bankruptcy case during the

3

pendency of the Debtor's chapter 11 proceeding, the capacity in which each such individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

13.     Attached hereto as <u>Exhibit B</u> is a summary by project categories of the fees generated by the services performed during the Fee Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

14.     Attached hereto as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement and the total amount for each such expense category.

15.     Attached hereto as <u>Exhibit D</u> is a detailed list of all expenses for which Jenner seeks reimbursement.

16.     Jenner maintains computerized records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with Jenner's representation of the Debtor in this case.  Copies of these computerized records are attached hereto as <u>Exhibit E</u>.

17.     All of the services for which compensation is sought were rendered to the Debtor solely in connection with the Debtor's bankruptcy case and not on behalf of any individual creditor or other person.

## **<u>BASIS FOR PAYMENT</u>**

18.     Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Debtor and its estate. All of the fees and

expenses sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtor's estate and creditors.

19.     During the pendency of the Debtor's chapter 11 proceeding, Jenner performed a wide variety of tasks on the Debtor's behalf.  While a detailed descriptions of the day-to-day services provided and the time expended performing such services are attached as <u>Exhibit E</u>, a summary of the services Jenner provided to the Debtor during the pendency of the Debtor's chapter 11 proceeding are described in paragraphs 20 through 29 below.[2]

20.     **Case Administration and Miscellaneous Matters
        (Fees: $23,030.00; Hours 42.1)**

This category consists of time spent representing the Debtor in connection with typical chapter 11 administrative matters, as well as matters that involved minimal time and thus did not warrant their own separate classification.  Among the matters with regard to which Jenner performed services, Jenner advised the Debtor concerning compliance with the WARN Act, including drafting WARN Act notifications to former employees and other parties in interest.  In addition, Jenner engaged in several discussions with the United States Trustee, the S.E.C. and other interested parties concerning the conversion of the Debtor's case to a case under chapter 7 of the Bankruptcy Code.  Jenner also communicated with state and federal agencies regarding various tax issues involving the Debtor.  A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit E</u>.

---

[2] Due to the sensitivity of certain matters with respect to which Jenner represented the Debtor, including privileged matters and work pertaining to anticipated litigation, Jenner has redacted certain time entries included in Exhibit E in the following project categories: Investigation of Claims, SEC/DOJ, Custodial Account Issues, and 2009 Redemptions.  Unredacted versions will be provided to the Court, the Trustee and the U.S. Trustee upon request.

21.  **Business Advice**
     **(Fees: $20,128.50; Hours 37.3)**

During the pendency of the Debtor's chapter 11 proceeding, Jenner advised the Debtor concerning its continuing business operations while in chapter 11.  This category includes time dedicated to assisting the Debtor in creating a business plan, as well as addressing various business issues involving the Debtor, its creditors and its employees.  In addition, Jenner assisted the Debtor in negotiations with certain creditors and in determining whether certain executory contracts and unexpired leases should be rejected under the Bankruptcy Code.  A more detailed description of the time spent related to this matter is attached hereto as Exhibit E.

22.  **Claims Against Insiders**
     **(Fees: $7,539.00; Hours 14.8)**

During the pendency of the Debtor's chapter 11 proceeding, Jenner investigated potential claims the Debtor's estate may hold against certain of the Debtor's insiders and the appropriate steps needed for the Debtor to authorize the filing of such causes of action.  In addition, Jenner drafted a Board resolution removing one of the Debtor's directors.  A more detailed description of the time spent related to this matter is attached hereto as Exhibit E.

23.  **Routine Pleadings/Appearances**
     **(Fees: $68,953.50; Hours 178.4)**

This category covers time spent by Jenner drafting and prosecuting routine motions and pleadings in the Debtor's chapter 11 case.  Specifically, this category includes time spent drafting the Debtor's "first-day motions," creating the Debtor's creditor matrix and service list, motions to retain professionals, motions to conduct Rule 2004 examinations, and a motion to convert the Debtor's case to one under chapter 7 of the Bankruptcy Code.  In addition, this category includes the extensive amount of time Jenner spent preparing and filing the Debtor's schedules and statement of financial affairs.  The completion of the Debtor's schedules and

statement of financial affairs constitutes the majority of the time spent in this category, as the discovery of defalcation of funds from health savings accounts of the Debtor's customers required the addition of several thousand additional creditors to the Debtor's schedules and numerous revisions to the Debtor's statement of financial affairs.  A more detailed description of the time spent related to this matter is attached hereto as Exhibit E.

24.     **Communications with Creditors**
        **(Fees: $7,120.50; Hours 17.6)**

During the pendency of the Debtor's chapter 11 proceeding, Jenner responded to various inquiries from individual creditors of the Debtor including questions regarding the circumstances surrounding the Debtor's bankruptcy filing, the status of the Debtor's case, the relief requested by the Debtor in the Debtor's "first-day motions," and questions concerning particular claims a creditor may assert against the Debtor's estate.  A more detailed description of the time spent related to this matter is attached hereto as Exhibit E.

25.     **363 Sale**
        **(Fees: $90,870.00; Hours 180.4)**

During the pendency of the Debtor's chapter 11 proceeding, the Debtor sought to sell substantially all of its assets through section 363 of the Bankruptcy Code.  Jenner assisted the Debtor in this process.   Specifically, Jenner entered into discussions and negotiations with multiple parties regarding a potential sale of the Debtor's assets and reviewed various letters of intent from potential buyers.  Given the unique circumstances surrounding the Debtor's case and the complex intellectual property issues surrounding the sale of the Debtor's assets, this process also required Jenner to conduct legal research on various issues that may impact the sale of the Debtor's assets.  In addition, Jenner established, in consultation with various parties, procedures to govern the sale of substantially all of the Debtor's assets.  These procedures included Jenner's

marketing the Debtor's assets for sale, as well as the creation of bidding and auction procedures for such a sale.  Jenner also prepared and prosecuted a motion to sell substantially all of the Debtor's assets through an advertised auction, with detailed bidding procedures, and with a "stalking horse bidder."  These efforts laid the groundwork that permitted the chapter 7 trustee to complete the sale of the Debtor's assets for several million dollars.  A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit E</u>.

26. **Investigation of Claims**
     **(Fees: $48,786.00; Hours 98.6)**

During the pendency of the Debtor's chapter 11 proceeding, Jenner investigated potential claims the Debtor's estate may have against third parties, including causes of action against certain non-insiders, and avoidance actions.   In addition, Jenner investigated and researched potential insurance claims the Debtor's estate may hold, and communicated with various insurance companies regarding these potential claims. This category also includes time spent conducting and analyzing Rule 2004 discovery and examinations of third parties in order to determine what claims the Debtor's estate may hold.  A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit E</u>.

27. **SEC/DOJ**
     **(Fees: $22,307.00; Hours 37.9)**

Shortly after the commencement of the Debtor's chapter 11 case, the S.E.C. brought an enforcement action against the Debtor and one its former principals, Jeremy Blackburn. In addition, the United States Attorney has been conducting an investigation into the Debtor's affairs, and shortly after the bankruptcy proceedings were commenced brought criminal charges against Blackburn.

The category includes time Jenner spent communicating with the Debtor, the SEC and the DOJ regarding the status of the SEC and DOJ's investigation.   Jenner assisted the Debtor in responding and cooperating with the SEC and DOJ's investigations, and provided information to the SEC and DOJ.  Jenner also advised the Debtor concerning the preservation of documents and other evidence potentially relevant to the SEC and DOJ's investigations.   A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit E</u>.

28.     **Custodial Account Issues
          (Fees: $19,534.00; Hours 31.8)**

Shortly after the Petition Date, the Debtor discovered that a significant amount of the health savings account funds belonging to certain of the Debtor's customers had been misappropriated prior to the Debtor's bankruptcy filing.   Jenner assisted the Debtor in its investigation into this matter, as well as with the Debtor's efforts to ensure no further defalcation of the Debtor's customer accounts occurred, including the implementation of an administrative freeze on certain of the Debtor's accounts.   In addition, Jenner also notified and communicated with the Debtor's customers regarding issues related to the freezing of customer accounts and related matters.   A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit E</u>.

29.     **2009 Redemptions
          (Fees: $17,497.50; Hours 40.5)**

During the pendency of the Debtor's chapter 11 proceeding, Jenner investigated shareholder redemptions received in the months preceding the Debtor's bankruptcy and whether those redemptions may constitute avoidable transfers.   This category includes time spent by Jenner in drafting demand letters requesting the return of redemptions received from the Debtor

in the months preceding the Debtor's bankruptcy filing.  A more detailed description of the time spent related to this matter is attached hereto as Exhibit E.

<div align="center">*          *          *</div>

30.     The foregoing professional services were necessary and appropriate to the administration of the Debtor's estate.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

31.     The rates charged by Jenner in this case are its standard rates for a bankruptcy matter.  The rates charged by Jenner also are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity, scope and national significance.

32.     Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> > (A)     the time spent on such services;
> >
> > (B)     the rates charged for such services;
> >
> > (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D)     whether the services were performed within a reasonable amount of time commensurate with the

<div align="center">10</div>

complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

33.    Because of the benefits realized by the Debtor, the nature of this case, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, and the skill required, Jenner requests that it be allowed at this time compensation for professional services rendered during the pendency of the Debtor's chapter 11 proceeding in the sum of $325,766.00.

## ACTUAL AND NECESSARY EXPENSES

34.    Jenner has disbursed, and requests reimbursement of, the following sums for:

| | |
|---|---:|
| Business Meals | $9.98 |
| Filing Fee | $1,516.75 |
| Database Research | $73.83 |
| Lexis Research | $1,047.38 |
| Westlaw Research | $1,492.73 |
| In-City Transportation | $69.00 |
| Network Printing | $1,097.37 |
| Other (Lien Search; Tax Return Request) | $707.23 |
| Photocopy & Related Expense | $304.04 |
| Publication Charges | $1,756.60 |
| Nque Photocopy Expense | $2,514.06 |
| Special Messenger Service | $17.80 |
| Telephone Expense | $38.13 |
| UPS | $597.01 |
| Pacer Charges | $94.40 |
| TOTAL DISBURSEMENTS | $11,336.31 |

A more detailed list of these expenses is part of Exhibit D hereto.

35.     It is Jenner's policy to charge all of its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.   It is Jenner's policy to charge its client only the amount actually incurred by Jenner in connection with such items.   Examples of such expenses are postage, Lexis and Westlaw research, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

36.     Jenner only charges for overseas or out of the country long distance telephone calls.   It does not charge for facsimile transmissions.

37.     Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques.   Jenner bills each client for the Lexis and Westlaw charges actually incurred on behalf of such client.   Jenner does not prorate these charges over all clients so that each client is paying only for the Lexis and Westlaw charges incurred by that client.

38.     Jenner's standard charge for photocopies is $.09 per page.   The number of photocopies is recorded automatically when the person making the copies enters the appropriate account number into devices attached to Jenner's copy machines.

## <u>NOTICE</u>

39.     Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Attorney Office for the Northern District of Illinois; (e) the Prepetition Lenders; (f) the Debtor's 20 largest unsecured creditors as set forth in the amended list filed on December 7, 2009, and (g) all parties that have requested notice in the Debtor's case.   In light of the relief requested, Jenner submits that no further notice is required.

40.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Jenner respectfully requests: (i) allowance of compensation for professional services rendered during the pendency of the Debtor's chapter 11 proceeding in the amount of $325,766.00; (ii) allowance of reimbursement for actual and necessary expenses Jenner incurred during the pendency of the Debtor's chapter 11 proceeding in the amount of $11,336.31; (iii) authorization for the Trustee to pay Jenner for the professional services rendered during the Debtor's chapter 11 proceeding in the amount of $325,766.00; (iv) authorization for the Trustee to reimburse Jenner for actual and necessary expenses Jenner incurred during the Debtor's chapter 11 proceeding in the amount of $11,336.31; and (v) that the Court grant Jenner such other and further relief as is just.

Dated:  March 3, 2010

Respectfully submitted,

JENNER & BLOCK, LLP

By:    Vincent E. Lazar
A Partner

Vincent E. Lazar  (6204916)
Melissa M. Hinds (6288246)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:  312-222-9350
Facsimile:  312-527-0484