IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No. 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: May 25, 2010 |
| | ) | Hearing Time: 9:30 a.m. |

### NOTICE OF MOTION

PLEASE BE ADVISED THAT on May 25, 2010, at 9:30 a.m., the undersigned shall appear before the Honorable Eugene R. Wedoff in Courtroom 744, or any judge presiding in his place and stead, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the **Final Application of Polsinelli Shughart PC for Allowance and Compensation and Reimbursement of Expenses as Special Counsel to the Debtor**, a copy of which is attached hereto.

Respectfully submitted,

**POLSINELLI SHUGHART PC**

Dated April 30, 2010

By: /s/ Jerry L. Switzer, Jr.
    A Shareholder

Jerry L. Switzer, Jr. (# 6210229)
Jean Soh (# 6285187)
POLSINELLI SHUGHART PC
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
PH:  (312) 819-1900
FAX: (312) 819-1910
jswitzer@polsinelli.com
jsoh@polsinelli.com

8753639v.3

## CERTIFICATE OF SERVICE

    I, Jerry L. Switzer, Jr., hereby certify that on April 30, 2010, I caused the foregoing Notice of Motion and the attached Application to be served: (1) by electronically on those entities who receive notice through the ECF system, and (2) by United States Mail, proper postage prepaid, to each of the parties identified on the attached service list.

    /s/ Jerry L. Switzer, Jr.

## CM/ECF ELECTRONIC MAIL DISTRIBUTION

| | |
|---|---|
| David A. Agay | dagay@kirkland.com, jstempel@kirkland.com, mwawrzyn@kirkland.com |
| Timothy W. Brink | timothy.brink@dlapiper.com, docketingchicago@dlapiper.com, william.guthrie@dlapiper.com |
| Kurt M. Carlson | kcarlson@muchshelist.com, dmyer@muchshelist.com |
| William J. Factor | wfactor@wfactorlaw.com |
| Robert M. Fishman | rfishman@shawgussis.com |
| John T. Gregg | john.gregg@btlaw.com |
| John W. Guzzardo | jguzzardo@shawgussis.com |
| Melissa M. Hinds | mhinds@jenner.com |
| Peter Krebs | pkrebs@skadden.com, mmirkovi@skadden.com, jpfleege@skadden.com |
| Vincent E. Lazar | vlazar@jenner.com, lyap@jenner.com;docketing@jenner.com |
| Sara E. Lorber | slorber@wfactorlaw.com |
| Jeff J. Marwil | jmarwil@winston.com, ECF_Bank@winston.com |
| Colleen E. McManus | cmcmanus@muchshelist.com |
| George R. Mesires | grmesires@uhlaw.com |
| William T. Neary | USTPRegion11.ES.ECF@usdoj.gov |
| Mark L. Radtke | mradtke@shawgussis.com, bharrington@shawgussis.com |
| Daniel Rubin | drubin@statmanharris.com |
| Marisa L. Saber | msaber@cozen.com |
| Grayson T. Walter | gwalter@proskauer.com |
| Erica Wax | ewax@ulmer.com |
| James B. Sowka | jsowka@seyfarth.com |
| Jason J. DeJonker | jdejonker@seyfarth.com |

3

## SERVICE LIST

United States Trustee
219 S. Dearborn St., Room 819
Chicago, IL 60604

Manish S. Shah
Assistant United States Attorney
U.S. Department of Justice
219 S. Dearborn St., 5th Floor
Chicago, IL 60604

Amy Stahl Cotter
Securities and Exchange Commission
175 W. Jackson, Suite 900
Chicago, IL 60604

UMB Bank N.A.
c/o Lisa A. Epps
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106

Michael G. Menkowitz
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222

Venture Lending & Leasing IV, Inc.
Venture Lending & Leasing V, Inc.
c/o Edward J. Tredinnick, Esq.
Greene Radovsky
Four Embarcadero Center, 40th Floor
San Francisco, CA 94111

Spectrum Equity Investors V LP
Spectrum V Investment Managers Fund LP
c/o Michael A. Firestein
Proskauer Rose LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 21126

Internal Revenue Service
230 S. Dearborn St.
Room 2400, Stop 6604-CHI
Chicago, IL 60604

Martin S. Hancock
4735 Kelvington Drive
Indianapolis, IN 46254

Henry P. Baer
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stanford, CT 06901

87851.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No.: 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: May 25, 2010 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | |

## SUMMARY COVER SHEET FOR FINAL APPLICATION OF POLSINELLI SHUGHART PC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTOR

A. Name of Applicant: Jerry L. Switzer, Jr., Jean Soh and the shareholders, associates and paralegals of Polsinelli Shughart PC (collectively "Polsinelli").

B. Authorized to Provide Professional Services to: Canopy Financial, Inc., the above-captioned debtor ("Canopy" or the "Debtor").

C. Date of Order Authorizing Employment: December 30, 2009, appointing Polsinelli as the Debtor's special counsel *nunc pro tunc* to November 25, 2009.

D. Period for Which Compensation and Reimbursement is Sought: November 25, 2009 through December 30, 2009.

E. Amount of Fees Sought: $5,408.00.

F. Amount of Expense Reimbursement Sought: $116.24.

G. This is a: Final fee application.

H. Prior Fee Applications: None.

85415.3

Dated: April 30, 2010

Respectfully submitted,

POLSINELLI SHUGHART PC

By:   /s/ Jerry L. Switzer, Jr.
      A Shareholder

Jerry L. Switzer, Jr. (ARDC #6210229)
Jean Soh (ARDC #6285187)
POLSINELLI SHUGHART PC
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
(312) 819-1900 Telephone
(312) 819-1910 Facsimile
jswitzer@polsinelli.com
jsoh@polsinelli.com

2

85415.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No.: 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: May 25, 2010 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | |

### FINAL APPLICATION OF POLSINELLI SHUGHART PC
### FOR ALLOWANCE OF COMPENSATION AND
### REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTOR

Polsinelli Shughart PC ("Polsinelli"), as special counsel to the above-captioned debtor ("Canopy" or the "Debtor"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the United States Trustee Fee Guidelines — Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "UST Guidelines"), hereby submits this final application (the "Application") for compensation of services rendered and reimbursement of expenses incurred on behalf of the Debtor for the period from November 25, 2009 through December 30, 2009, seeking allowance of (i) $5,408.00 for the actual, reasonable, and necessary legal services rendered by Polsinelli, and (ii) $116.24 for the actual, reasonable and necessary expenses incurred by Polsinelli. In support of the Application, Polsinelli respectfully states as follows:

85415.3

## BACKGROUND AND JURISDICTION

1. On November 25, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On December 30, 2009, on the Debtor's motion, this Court entered an Order converting the Debtor's Chapter 11 case to one under Chapter 7, and the U.S. Trustee appointed Gus A. Paloian as the Chapter 7 trustee (the "Trustee") in the case. (Docket Nos. 92, 93).

3. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 5082-1, and the UST Guidelines.

## RETENTION OF POLSINELLI

4. On December 11, 2009, the Debtor filed a motion to retain Polsinelli as its special counsel *nunc pro tunc* to the Petition Date. (Docket No. 44).

5. On December 30, 2009, prior to the conversion of this case to a Chapter 7 case, the Court authorized the Debtor to employ Polsinelli as its special counsel *nunc pro tunc* to the Petition Date. (Docket No. 91).[1]

6. The Court's December 30, 2009 Order provided that Polsinelli's compensation for legal services rendered and reimbursement of expenses incurred "in connection with [Polsinelli's] representation of the Debtor shall be pursuant to applications to be submitted to and approved by this Court . . . ." (Docket No. 91).

---

[1] On February 3, 2010, following conversion of the Debtor's case to a case under Chapter 7, the Court authorized the Trustee to employ Polsinelli as his special counsel for certain matters. (Docket No. 157).

2

85415.3

7. Pursuant to Rule 2016(b), Polsinelli has not shared, nor agreed to share, any compensation it has received or may receive in this case with another person or party other than with Polsinelli's shareholders, of counsel, associates, and other employees, or any compensation another person or party has received or may receive in this case.

## RELIEF REQUESTED

8. Polsinelli submits this Application for allowance of (a) compensation for actual, reasonable, and necessary professional services performed as special counsel to the Debtor, and (b) reimbursement for actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Debtor.

9. Polsinelli rendered legal services to the Debtor having a value of $5,408.00, calculated at Polsinelli's usual and customary hourly rates. In addition, Polsinelli made disbursements to pay expenses in the amount of $116.24 during the pendency of the Debtor's Chapter 11 proceeding. Polsinelli has not received any payment for services performed or reimbursement for expenses incurred during the pendency of the Debtor's Chapter 11 proceeding. Polsinelli therefore seeks allowance in this Application of $5,408.00 in fees and $116.24 in expenses incurred during the pendency of the Debtor's Chapter 11 proceeding.

10. The fees sought by this Application reflect an aggregate of 13.9 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtor during the pendency of the Debtor's Chapter 11 proceeding. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Debtor's estate, which has already been eliminated by Polsinelli.

11. Polsinelli's fees and costs were incurred as special counsel to the Debtor. Polsinelli's fees were derived using the applicable hourly billing rates for the firm's personnel

3

85415.3

who rendered such services. Attached hereto as Exhibit A is a schedule setting forth (a) all Polsinelli professionals and paraprofessionals who have performed services in the Debtor's bankruptcy case during the pendency of the Debtor's Chapter 11 proceeding, (b) the capacity in which each such individual is employed by Polsinelli, (c) the hourly billing rate charged for services performed by such individual, (d) the aggregate number of hours expended in this case, (e) the fees billed therefor, (f) the year in which each professional was first licensed to practice law in Illinois, and (g) the year in which each professional graduated from law school.

12.     Polsinelli maintains computerized records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with Polsinelli's representation of the Debtor in this case. Copies of these computerized records are attached hereto as Exhibit B. Also attached as part of Exhibit B is a detailed list of all expenses for which Polsinelli seeks reimbursement.

13.     All of the services for which compensation is sought were rendered to the Debtor solely in connection with the Debtor's bankruptcy case and not on behalf of any individual creditor or other person.

## BASIS FOR PAYMENT

14.     Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Debtor and its estate. All of the fees and expenses sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtor's estate and creditors.

15.     During the pendency of the Debtor's Chapter 11 proceeding, Polsinelli performed certain tasks within the scope of its retention as the Debtor's special counsel. Detailed descriptions of the services provided and the time expended performing such services are

4

85415.3

attached as Exhibit B. A summary of the services Polsinelli provided to the Debtor during the pendency of the Debtor's Chapter 11 proceeding is as follows:[2]

**A.    Case Administration, Retention and Related Matters (Fees: $4,985.00; Hours: 12.6)**

16.    Because Polsinelli was engaged by the Debtor only shortly before this case was converted to Chapter 7 of the Bankruptcy Code, the vast majority of time spent by Polsinelli during the Chapter 11 proceeding related to its efforts to have its retention approved by the Court and to review background materials and information to get up to speed on the issues in the case. The worked performed by Polsinelli in this regard has enabled (and will enable) it to effectively represent the Trustee in the Chapter 7 case as his special counsel. A more detailed description of the time spent related to this matter is attached hereto as Exhibit B.

**B.    Customer Transition Matters (Fees: $423.00; Hours: 1.3)**

17.    This category consists of time spent representing the Debtor in connection with a motion for relief from stay filed by Blue Cross Blue Shield and related servicing transition and other matters. Polsinelli has continued to represent the Debtor's estate in connection with such customer transition matters during the Chapter 7 phase of the case. A more detailed description of the time spent related to this matter is attached hereto as Exhibit B.

18.    The foregoing professional services were necessary and appropriate to the administration of the Debtor's estate. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks

---

[2] Given the small amount of time which Polsinelli expended on behalf of the Debtor's estate prior to conversion of the case to Chapter 7, and given that the vast majority of this time was spent relating to case administration, retention and related matters, Polsinelli has not separately categorized the time entries attached as Exhibit B. In its applications to be filed with respect to the Chapter 7 phase of the case, Polsinelli will separately categorize its time entries for each substantive matter.

5

85415.3

involved. Polsinelli has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

19. The rates charged by Polsinelli in this case are its standard rates for a bankruptcy matter. The rates charged by Polsinelli also are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity, scope and national significance.

20. Section 330 of the bankruptcy code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

21. Because of the benefits realized by the Debtor, the nature of this case, the standing at the bar of the attorneys who rendered services, the amount of work done, the time

consumed, and the skill required, Polsinelli requests that it be allowed at this time compensation for professional services rendered during the pendency of the Debtor's Chapter 11 proceeding in the sum of $5,408.00.

## ACTUAL AND NECESSARY EXPENSES

22. Polsinelli has disbursed, and requests reimbursement of, the following sums for:

| | |
|---|---:|
| Federal Express Charges | $108.56 |
| On-line database Research | $7.68 |
| TOTAL DISBURSEMENTS | $116.24 |

A more detailed list of these expenses is part of Exhibit B hereto.

23. It is Polsinelli's policy to charge all of its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is Polsinelli's policy to charge its client only the amount actually incurred by Polsinelli in connection with such items. Examples of such expenses are postage, Lexis and Westlaw research, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

## NOTICE

24. Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the Northern District of Illinois; (e) the Prepetition Lenders; (f) the Debtor's 20 largest unsecured creditors as set forth in the amended list filed on December 7, 2009; (g) the Trustee; and (h) all parties that have requested notice in the Debtor's case. In light of the relief requested, Polsinelli submits that no further notice is required.

25. No previous request for the relief sought herein has been made to this Court or any other court.

7

85415.3

WHEREFORE, Polsinelli respectfully requests: (i) allowance of compensation on a final basis for professional services rendered during the pendency of the Debtor's Chapter 11 proceeding in the amount of $5,408.00; (ii) allowance of reimbursement on a final basis for actual and necessary expenses Polsinelli incurred during the pendency of the Debtor's Chapter 11 proceeding in the amount of $116.24; (iii) authorization for the Trustee to pay Polsinelli for the professional services rendered during the Debtor's Chapter 11 proceeding in the amount of $5,408.00; (iv) authorization for the Trustee to reimburse Polsinelli for actual and necessary expenses it incurred during the Debtor's Chapter 11 proceeding in the amount of $116.24; and (v) that the Court grant Polsinelli such other and further relief as is just.

Dated: April 30, 2010

Respectfully submitted,

POLSINELLI SHUGHART PC

By:   /s/ Jerry L. Switzer, Jr.
     A Shareholder

Jerry L. Switzer, Jr. (ARDC #6210229)
Jean Soh (ARDC #6285187)
POLSINELLI SHUGHART PC
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
(312) 819-1900 Telephone
(312) 819-1910 Facsimile
jswitzer@polsinelli.com
jsoh@polsinelli.com

8

85415.3