**FILED**

**MAY 25 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**EUGENE R. WEDOFF,
BANKRUPTCY JUDGE**

In re: )
)
) Case No. 09 B 44943
CANOPY FINANCIAL, INC., )
)
)
) Chapter 07
Debtor. )
)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER ALLOWING
POLSINELLI SHUGHART PC, SPECIAL COUNSEL TO THE DEBTOR, FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $5,408.00 | TOTAL COSTS REQUESTED: | $116.24 |
| TOTAL FEES REDUCED: | $0.00 | TOTAL COSTS REDUCED: | $7.68 |
| TOTAL FEES ALLOWED: | $5,408.00 | TOTAL COSTS ALLOWED: | ~~$116.24~~ 108.56 |

**TOTAL FEES AND COSTS ALLOWED: $5,524.24**

The attached time and expense entries are marked to indicate those disallowed in whole or in part. The basis for each disallowance is disclosed by the numerical notation that appears on the right side of each underlined entry. The numerical notations refer to the enumerated paragraphs below.

**(4)    Insufficient Description**
The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

**(11)    Overhead Costs are Non-Compensable**
The Court denies reimbursement for fees or expenses that are overhead costs. Expenses which are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)).

Dated: May 25, 2010

_____
Eugene R. Wedoff
United States Bankruptcy Judge

1

PS Prebill   Page 4

Billing Atty: *#1320 J.L. Switzer*          Run Date: *04/19/10*   Entries Through: *04/19/10*   Prebill Index: *1155663*
Supervising Atty: *#1320 J.L. Switzer*
Client/Matter No.:   061725-406469
Client Name:         Canopy Financial, Inc.
Matter Name:         General Administration

*Time and Fee Summary:*

| Timekeeper | | Hours | $ Rate | $ Fee | Override Hours | Override $ Rate | Override $ Fees |
|---|---|---|---|---|---|---|---|
| 1016 | James E. Bird | 0.00 | 400.00 | 0.00 | | | |
| 1320 | Jay L. Switzer Jr. | 11.20 | 425.00 | 4,760.00 | | | |
| 2435 | Jean Soh | 2.70 | 240.00 | 648.00 | | | |
| | TOTALS | *13.90* | | *$5,408.00* | | | |

# Reason for Billing Write-Down

_____
_____
_____

*Costs Advanced and Expenses Incurred:*

| Date Code | Status Description | Index | Voucher | Check# | Amount |
|---|---|---|---|---|---|
| | FE | FEDERAL EXPRESS | | | 108.56 |
| | LR | ON-LINE SEARCHES | | (4)(11) -7.68 | 7.68 |
| **SUBTOTAL OF BILLABLE COSTS:** | | | | | 116.24 |