**FILED**

**SEP 12 2012**

**EUGENE R. WEDOFF,**
**BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 09 B 44943 |
| CANOPY FINANCIAL, INC. | ) |
| | ) |
| | ) Chapter 7 |
| Debtor. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO SEYFARTH SHAW LLP, ATTORNEYS FOR CHAPTER 7 TRUSTEE, FOR ALLOWANCE AND PAYMENT OF EIGHTH <u>INTERIM</u> COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $1,621,029.50 | TOTAL COSTS REQUESTED: | $33,429.53 |
| TOTAL FEES REDUCED: | $1,920.00 | TOTAL COSTS REDUCED: | $300.00 |
| TOTAL FEES ALLOWED: | $1,619,109.50 | TOTAL COSTS ALLOWED: | $33,129.50 |

**TOTAL FEES AND COSTS ALLOWED: $1,652,239.03**

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(3)    Reimbursement Limited to Actual, Necessary Expenses**

The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B) & 331.

Dated: 9/12, 2012

Eugene R. Wedoff
United States Bankruptcy Judge