**FILED**

**NOV 26 2013**

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
)
) Case No. 09 B 44943
CANOPY FINANCIAL, INC. )
)
)
) Chapter 7
Debtor. )
)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO JENNER & BLOCK, SPECIAL COUNSEL TO THE TRUSTEE, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $21,314.00 | TOTAL COSTS REQUESTED: | $1,105.15 |
| TOTAL FEES REDUCED: | $1,672.27 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $19,641.73 | TOTAL COSTS ALLOWED: | $1,015.15 |

**TOTAL FEES AND COSTS ALLOWED: $20,656.88**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(2)     **Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

Dated: November 26, 2013

_____
Eugene R. Wedoff
United States Bankruptcy Judge

FEE APPLICATIONS                                                            MATTER NUMBER- 10113

| Date | Initials | Hours | Description | Amount |
|---|---|---|---|---|
| 11/9/2012 | VEL | 0.50 | Edited BIM for fee application. | 425.00 |
| 11/12/2012 | VEL | 1.00 | Edited 7th interim fee application, including redactions, and email to G. Paloian re same. | 850.00 |
| 11/12/2012 | MHM | 3.40 | Worked on preparing sixth interim fee application. | 1,003.00 |
| 11/28/2012 | MHM | 0.20 | Reviewed and revised notice for e-filing. | 59.00 |
| 11/28/2012 | MHM | 0.20 | Reviewed and revised notice of motion and application for e-filing. | 59.00 |
| 11/28/2012 | MHM | 0.40 | Worked on e-filing fee application, cover sheet and notice of hearing. | 118.00 |
| 11/28/2012 | MHM | 1.20 | Worked on service of fee application and notice to core service list. | 354.00 |
| 11/28/2012 | VEL | 0.60 | Reviewed and finalized fee application for filing. | 510.00 |
| 12/21/2012 | MHM | 0.30 | Prepared set of documents for court hearing on fee applications. | 88.50 |
| 12/26/2012 | VEL | 1.20 | Attended hearing on 7th fee application, and transmitted unredacted invoices. | 1,020.00 |
| 12/28/2012 | MHM | 0.10 | Corresponded with J. Sowka re draft fee order. | 29.50 |
| | | 9.10 | PROFESSIONAL SERVICES | $4,516.00 |

                                    MATTER 10113 TOTAL                                  $4,516.00

*Handwritten annotations:*

$$\frac{\$4,516 \text{ (amt. charged for 7th fee app)}}{\$56,874.50 \text{ (amt. charged for non-fee matters in 7th fee app)}} = 7.94\% \;\; ②$$

$$\$56,874.50 \times 5\% = \$2,843.73 \text{ (max amt. allowed)}$$

$$\$4,516 - \$2,843.73 = \$1,672.27 \text{ (amt. deducted)}$$