**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No. 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

**NOTICE OF TENTH AND FINAL APPLICATION OF JENNER & BLOCK LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS SPECIAL COUNSEL TO THE TRUSTEE**

PLEASE TAKE NOTICE that on July 13, 2016, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Deborah L. Thorne in Courtroom 613 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Tenth and Final Application of Jenner & Block LLP for Compensation and Reimbursement of Expenses as Special Counsel to the Trustee**.  You may appear at that time and place if you so desire.

Dated:  June 2, 2016

                                            Respectfully submitted,

                                            JENNER & BLOCK LLP

                                            By:     */s/ Vincent E. Lazar*
                                                        A Partner

Vincent E. Lazar  (6204916)
Melissa M. Root (6288246)
Precious S. Jacobs (6300096)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:  312-222-9350
Facsimile:  312-527-0484

## **CERTIFICATE OF SERVICE**

I, Vincent E. Lazar, an attorney, hereby certify that on June 2, 2016, I caused a copy of the attached **Tenth and Final Application of Jenner & Block for Compensation and Reimbursement of Expenses as Special Counsel to the Trustee**, and **Notice of Motion** to be served: (1) electronically on those entities who receive notice through the ECF system and identified on the attached Service List; and (2) upon the parties who are not receiving notice through the ECF system, via first-class mail, as indicated on the attached Service List.



*/s/ Vincent E. Lazar*
Vincent E. Lazar

**CANOPY FINANCIAL, INC.**
Case No. 09-44943

## CM/ECF ELECTRONIC MAIL DISTRIBUTION

| | |
|---|---|
| David A. Agay | dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; burrell@mcdonaldhopkins.com |
| George P. Apostolides | gpapostolides@arnstein.com |
| Kimberly A. Backer | kbacher@shawgussis.com; bharrington@shawgussis.com |
| Babak Bakhtiari | babakb@atbankruptcy.com; gus@atbankruptcy.com |
| Terence G. Banich | tbanich@shawgussis.com; kdevries@shawgussis.com |
| Ronald Barliant | ronald.barliant@goldbergkohn.com; kristina.bunker@goldbergkohn.com |
| Kori M. Bazanos | kori@bazanoslaw.com |
| Elizabeth C. Berg | ecberg@ameritech.net |
| Brad Berish | bberish@ag-ltd.com |
| Corey S. Berman | cwcsbl@sbcglobal.net |
| Timothy W. Brink | timothy.brink@dlapiper.com, docketingchicago@dlapiper.com, william.guthrie@dlapiper.com |
| Joel A. Brodsky | joelbrodsky@sbcglobal.net |
| William H. Brownstein | brownsteinlaw.bill@gmail.com |
| Kurt M. Carlson | kcarlson@muchshelist.com, dmyer@muchshelist.com |
| Frederick L. Carpenter | fcarpenter@dfreeland.com |
| Paul Catanese | pcatanese@mcguirewoods.com; docket@mcquirewoods.com |
| Scott R. Clar | sclar@craneheyman.com; mjoberhausen@craneheyman.com; asimon@craneheyman.com |
| Jerome F. Crotty | jcrotty@rieckcrotty.com; bhenry@rieckcrotty.com |
| David L. DePew | depewlaw@megsinet.net |
| Jeffrey W. Deer | jwdeer@aol.com; tonarlopez31@gmail.com |
| Teresa M. Dickinson | tdickinson@statmanharris.com |
| William J. Factor | wfactor@wfactorlaw.com, wfactor@gmail.com, nb@wfactorlaw.com |
| William B. Fecher | wbfecher@statmanharris.com |
| Faye B. Feinstein | faye.feinstein@quarles.com; stella.love@quarles.com; anthony.steinike@quarles.com |
| Marc Ira Fenton | mfenton@statmanharris.com |

| | |
|---|---|
| Robert M. Fishman | rfishman@shawgussis.com |
| Mason N. Floyd | floyd@mbsrhlaw.com; bauer@mbsrhlaw.com |
| Matthew T. Gensburg | gensburgm@gtlaw.com; chidocket@gtlaw.com; chibkydocket@gtlaw.com; greenbergc@gtlaw.com; sullivanka@gtlaw.com |
| Michael L. Gesas | mlgesas@arnstein.com; blsutton@arnstein.com; lcsolomon@arnstein.com; jbmedziak@arnstein.com |
| Douglas C. Giese | dcg@h2law.com; dcgiese@hotmail.com |
| Gordon E. Gouveia | ggouveia@shawgussis.com; mwestbrook@shawgussis.com |
| David M. Greenwald | dgreenwald@jenner.com; mmatlock@jenner.com |
| John T. Gregg | john.gregg@btlaw.com |
| John W. Guzzardo | jguzzardo@shawgussis.com |
| Dean C. Harvalis | USTPRegion11.es.ecf@usdoj.gov, constantine.harvalis@usdoj.gov |
| B. Lane Hasler | lanehasler@blhpc.com |
| Melissa M. Hinds | mhinds@jenner.com; mmatlock@jenner.com |
| Kaija K. Hupila | khupila@jenner.com; dgreenwald@jenner.com |
| Paula K. Jacobi | pjacobi@btlaw.com; jsantana@btlaw.com; ckwilosz@btlaw.com |
| Blaine C. Kimrey | bkimrey@lathropgage.com; jstein@lathropgage.com |
| Colby Kingsbury | colby.kingsbury@faegrebd.com; kimberly.charbonneau@faegrebd.com |
| Peter Krebs | pkrebs@skadden.com, mmirkovi@skadden.com |
| Patrick S. Layng | USTPRegion11.es.ecf@usdoj.gov |
| Vincent E. Lazar | vlazar@jenner.com, lyap@jenner.com, mmatlock@jenner.com; docketing@jenner.com |
| Mark E. Leipold | mleipold@gouldratner.com; stamssot@gouldratner.com; hmartinez@gouldratner.com |
| Matthew M. Litvak | litvakmatt@gmail.com; litvakmatt.court.docket@gmail.com |
| Sara E. Lorber | slorber@wfactorlaw.com; nb@wfactorlaw.com |
| Colette Luchetta-Stendel | colette@ameritech.net |
| Jeff J. Marwil | jmarwil@proskauer.com |
| Timothy S. McFadden | tmcfadden@btlaw.com |
| Colleen E. McManus | cmcmanus@carlsondash.com |
| George R. Mesires | grmesires@uhlaw.com |
| Joy L. Monahan | jmonahan@edwardswildman.com; ksoto@edwardswildman.com |

| | |
|---|---|
| Kevin H. Morse | khmorse@arnstein.com |
| Christopher L. Muniz | clm@sacounsel.com |
| Lauren N. Nachinson | lauren.nachinson@quarles.com; sara.sullivan@quarles.com mburr@quarles.com |
| Robert D. Nachman | robert.nachman@bfkn.com; jean.montgomery@bfkn.com; mackowiak@bfkn.com |
| Monica R. Pinciak-Madden | mpinciak@jenner.com; docketing@jenner.com; pjacobs@jenner.com |
| John F. Pollick | jpollick@mcguirewoods.com |
| Mark L. Radtke | mradtke@shawgussis.com, bharrington@shawgussis.com |
| Sheila A. Ramacci | dlf9601b@aol.com |
| Matthew Rice | mrice@sperling-law.com |
| Patrick F. Ross | pfross@uhlaw.com; kburde@uhlaw.com; rjanczak@uhlaw.com; keedeus@uhlaw.com; tefiester@uhlaw.com; kameloud@uhlaw.com; sgfeibus@uhlaw.com |
| Todd A. Rowden | trowden@thompsoncoburn.com; mburt@thompsoncoburn.com |
| Daniel Rubin | drubin@statmanharris.com |
| Marisa L. Saber | msaber@cozen.com |
| Bruce C. Scalambrino | bcs@sacounsel.com |
| Marylynne K. Schwartz | mschwartz@shawgussis.com |
| Sean T. Scott | stscott@mayerbrown.com |
| Scott A. Semenek | scott.semenek@faegrebd.com; melanie.senesac@faegrebd.com |
| Jean Soh | jsoh@polsinelli.com |
| Konstantine T. Sparagis | gsparagi@yahoo.com |
| Jay L Statland | jstatland@burkelaw.com; plane@burkelaw.com |
| Jerry L. Switzer | jswitzer@polsinelli.com |
| L. Judson Todhunter | jtodhunter@howardandhoward.com |
| Grayson T. Walter | gwalter@proskauer.com |
| Erica Wax | ewax@ulmer.com; rfabre@ulmer.com |
| Collin B. Williams | williamsco@gtlaw.com; scavom@gtlaw.com; chibkydocket@gtlaw.com |
| Si Yong Yi | syi@tresslerllp.com; tresslerdocket@tresslerllp.com |

| | |
|---|---|
| Jonathan W. Young | jyoung@edwardswildman.com; srodriguez@edwardswildman.com; ecffilings@edwardswildman.com |
| Bruce E. de'Medici | bdemedici@gmail.com |

4

## SPECIAL SERVICE LIST

**VIA UNITED STATES MAIL**

| | |
|---|---|
| United States Trustee | Spectrum Equity Investors V LP |
| c/o Roman Sukley, Esq. | Spectrum V Investment Managers Fund LP |
| 219 S. Dearborn St., Room 819 | Michael Kennealy |
| Chicago, IL  60604 | c/o Michael A. Firestein |
| | Proskauer Rose LLP |
| | 2049 Century Park East, 32nd Floor |
| | Los Angeles, CA  90067 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CANOPY FINANCIAL, INC., | ) | Case No. 09-44943 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

**TENTH AND FINAL APPLICATION OF JENNER & BLOCK LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS SPECIAL COUNSEL TO THE TRUSTEE**

Jenner & Block, LLP ("Jenner"), as special counsel to Gus Paloian (the "Trustee"), chapter 7 trustee of the bankruptcy estate of the above-captioned debtor ("Canopy" or the "Debtor"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the United States Trustee Fee Guidelines — Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "UST Guidelines"), hereby submits this tenth and final application (the "Application") for compensation of services rendered and reimbursement of expenses incurred on behalf of the Trustee. Jenner seeks (1) allowance for the period from May 1, 2014 through April 30, 2016 (the "Application Period") of (i) $16,400.50 actual, reasonable, and necessary legal services rendered by Jenner, and (ii) actual, reasonable and necessary expenses incurred in the amount of $1,256.67, and (2) final approval and allowance of compensation in the amount of $2,661,279.73 and final approval and allowance of reimbursement of expenses of $49,407.11, for a total of

$2,710,686.84 for the period December 31, 2009 through April 30, 2016. In support of the Application, Jenner respectfully states as follows:

## INTRODUCTION

1. Jenner & Block, as special counsel to the Trustee, prosecuted more than a dozen adversary proceedings against Canopy insiders and third parties that received improper transfers of Canopy's property, and several million dollars was recovered through Jenner's efforts. During the Application Period, Jenner continued to assist the Trustee in a limited role in connection with his efforts to obtain recoveries from third parties. That work is now complete, so accordingly Jenner files this Application seeking final compensation for the work it performed for the benefit of the estate.

## BACKGROUND AND JURISDICTION

2. On November 25, 2009 ("Petition Date"), the Debtor (represented by Jenner) filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. On December 30, 2009, on the Debtor's motion, this Court entered an Order converting the Debtor's chapter 11 case to one under chapter 7, and the U.S. Trustee appointed Gus A. Paloian as the chapter 7 trustee in the case. (Docket Nos. 92, 93).

4. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 5082-1, and the UST Guidelines.

## RETENTION OF JENNER & BLOCK

5. On, November 27, 2009, the Debtor filed a motion to retain Jenner as its counsel *nunc pro tunc* to the Petition Date (Docket No. 10).

2

6. On December 23, 2009, prior to the conversion of this case to a Chapter 7 case, the Court authorized the Debtor to employ Jenner as its counsel *nunc pro tunc* to the Petition Date. (Docket No. 73).

7. After conversion, on February 16, 2010, this Court entered an order authorizing the Trustee to retain Jenner as his special counsel in the Debtor's chapter 7 case *nunc pro tunc* to December 31, 2009. (Docket No. 176).

8. The Court's February 16, 2010 Order provided that Jenner's compensation for legal services rendered and reimbursement of expenses incurred "in connection with [Jenner's] representation of the Trustee shall be pursuant to applications to be submitted to and approved by this Court …." (Docket No. 176).

9. Pursuant to Rule 2016(b), Jenner has not shared, nor agreed to share, any compensation it has received or may receive in this case with another person or party other than with Jenner's partners, of counsel, associates, and other employees, or any compensation another person or party has received or may receive in this case.

## RELIEF REQUESTED

10. Jenner submits this Application for final allowance of (a) compensation for actual, reasonable, and necessary professional services performed as special counsel to the Trustee, and (b) reimbursement for actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Trustee.

11. During the Application Period, Jenner rendered legal services to the Trustee having a value of $16,400.50, calculated at Jenner's usual and customary hourly rates. In addition, Jenner made disbursements to pay expenses in the amount of $1,256.67 during the Application Period. Jenner has not received any payment for services performed or reimbursement for expenses incurred during the Application Period. Jenner therefore seeks

3

allowance in this Application of $16,400.50 in fees and $1,256.67 in expenses incurred during the Application Period.

12. The fees sought by this Application reflect an aggregate of 39.2 hours of attorney and paraprofessional time spent and recorded in performing services for the Trustee during the Application Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Debtor's estate, which has already been eliminated by Jenner.

13. A schedule showing the name and position of each professional and paraprofessional, the hours worked during the Application Period, and each person's hourly billing rate is provided at the front of this Application.

14. Jenner's fees and costs during the Application Period were incurred as special counsel to the Trustee. Jenner's fees were derived using the applicable hourly billing rates for the firm's personnel who rendered such services. Attached hereto as Exhibit A is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services in the Debtor's bankruptcy case during the Application Period, the capacity in which each individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

15. Attached hereto as Exhibit B is a summary by project categories of the fees generated by the services performed during the Application Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

4

16. Attached hereto as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement and the total amount for each such expense category for the Application Period.

17. Jenner maintains records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with Jenner's representation of the Trustee in this case. Copies of these records for the Application Period are attached hereto as <u>Exhibit D</u>.

18. Attached hereto as <u>Exhibit E</u> is a detailed list of all expenses for which Jenner seeks reimbursement for the Application Period.

19. All of the services for which compensation is sought were rendered to the Trustee solely in connection with the Debtor's bankruptcy case and not on behalf of any individual creditor or other person.

20. Jenner also seeks final allowance in this Application of $ 2,661,279.73 in fees and $49,407.11 in expenses incurred during the pendency of the chapter 7 proceeding, including fees and expenses previously allowed on an interim basis, as described below.

21. On June 17, 2010, Jenner filed its First Interim Application for Compensation. Pursuant to Order of the Court entered on August 3, 2010, Jenner received $483,774.52 for services rendered and for reimbursement of expenses on an interim basis.

22. On October 26, 2010, Jenner filed its Second Interim Application for Compensation. Pursuant to Order of the Court entered on December 1, 2010, Jenner received $479,529.77 for services rendered and for reimbursement of expenses on an interim basis.

23. On March 14, 2011, Jenner filed its Third Interim Application for Compensation. Pursuant to Order of the Court entered on April 5, 2011, Jenner received $635,402.72 for services rendered and for reimbursement of expenses on an interim basis.

5

24. On July 26, 2011, Jenner filed its Fourth Interim Application for Compensation. Pursuant to Order of the Court entered on August 16, 2011, Jenner received $658,018.13 for services rendered and for reimbursement of expenses on an interim basis.

25. On December 7, 2011, Jenner filed its Fifth Interim Application for Compensation. Pursuant to Order of the Court entered on December 28, 2011, Jenner received $242,795.44 for services rendered and for reimbursement of expenses on an interim basis.

26. On June 6, 2012, Jenner filed its Sixth Interim Application for Compensation. Pursuant to Order of the Court entered on June 27, 2012, Jenner received $45,396.34 for services rendered and for reimbursement of expenses on an interim basis.

27. On November 28, 2012, Jenner filed its Seventh Interim Application for Compensation. Pursuant to Order of the Court entered on December 28, 2012, Jenner received $63,221.93 for services rendered and for reimbursement of expenses on an interim basis.

28. On October 28, 2013, Jenner filed its Eighth Interim Application for Compensation. Pursuant to Order of the Court entered on November 26, 2013, Jenner received $20,656.88 for services rendered and for reimbursement of expenses on an interim basis.

29. On May 30, 2014, Jenner filed its Ninth Interim Application for Compensation. Pursuant to Order of the Court entered on June 25, 2014, Jenner received $64,233.94 for services rendered and for reimbursement of expenses on an interim basis.

**BASIS FOR PAYMENT**

30. Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Trustee in connection with the Debtor's bankruptcy case. All of the fees and expenses sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtor's estate and creditors.

31.     During the Application Period, Jenner performed a limited number of tasks on the Trustee's behalf. While a detailed descriptions of the day-to-day services provided and the time expended performing such services are attached as Exhibit D, a summary of the services Jenner provided to the Trustee during the Application Period are described in paragraphs 32 through 35 below.

32.     The services rendered by Jenner during prior application periods are detailed in the previous interim applications filed by Jenner in this case, and are not repeated herein.

**Investigation of Claims**
**(Fees: $3,295.00; Hours: 4.9)**

33.     The time recorded in this category consists of limited legal advice provided to the Trustee in connection with claims that were being asserted against third parties by the Trustee, with respect to which Jenner had particular expertise and experience as a result of previous work it had performed for the Trustee. A more detailed description of the time spent related to this matter is attached hereto as Exhibit D.

**Case Administration**
**(Fees: $1,360.00; Hours 3.8)**

34.     During the Application Period, Jenner & Block represented the Trustee in connection with certain aspects of the claims asserted against third parties. The work performed in the category during the Application Period related to routine chapter 7 administrative matters. A more detailed description of the time spent related to this matter is attached hereto as Exhibit D.

**Fee Applications**
**(Fees: $11,745.50; Hours 30.5)**

35.     During the Application Period, Jenner prepared its ninth interim fee application as special counsel to the Trustee, and the bulk of the work in this category relates to that

7

application. This category includes time spent by Jenner attorneys and paraprofessionals reviewing time entries for confidentiality and drafting the narrative portions of the fee application. Jenner also prepared this Application during the Application Period. A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit D</u>.

*     *     *

36. The foregoing professional services were necessary and appropriate to the administration of the Debtor's estate. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

37. The rates charged by Jenner in this case are its standard rates for a bankruptcy matter. The rates charged by Jenner also are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity, scope and national significance.

38. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

39. Because of the benefits realized by the Debtor's estate, the nature of this case, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, and the skill required, Jenner requests that it be allowed at this time compensation for professional services rendered during the Application Period in the sum of $16,400.50.

40. Jenner further requests final allowance final approval and allowance of compensation in the amount of $2,710,686.84 for the period December 31, 2009 through April 30, 2016.

## ACTUAL AND NECESSARY EXPENSES

41. Jenner disbursed during the Application Period, and requests reimbursement of, the following sums for:

| Description | Amount |
|---|---:|
| Court Reporter Services (Deposition Transcript) | $1,077.00 |
| Pacer Charges | $20.30 |
| Photocopy & Related Expenses | $13.53 |
| Postage | $139.54 |
| Special Messenger | $6.30 |
|  |  |
| **TOTAL** | **$1,256.67** |

A more detailed list of these expenses is part of Exhibit E hereto.

42. Jenner also seeks final approval and allowance of reimbursement of expenses of $49,407.11 for the period December 31, 2009 through April 30, 2016.

9

43. It is Jenner's policy to charge all of its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is Jenner's policy to charge its client only the amount actually incurred by Jenner in connection with such items. Examples of such expenses are postage, Lexis and Westlaw research, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

44. Jenner only charges for overseas or out-of-the-country long distance telephone calls. It does not charge for facsimile transmissions.

45. Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques. Jenner bills each client for the Lexis and Westlaw charges actually incurred on behalf of such client. Jenner does not prorate these charges over all clients so that each client is paying only for the Lexis and Westlaw charges incurred by that client.

46. Jenner's standard charges for printing and document reproduction range from 10 cents per page for black and white reproductions/printing, to 25 cents per page for color reproductions/printing. These charges are recorded and captured automatically by the various systems used by Jenner personnel to scan, print and reproduce paper documents.

## **NOTICE**

47. Notice of this Application has been given to (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Attorney Office for the Northern District of Illinois; and (e) all creditors who have filed proofs of claim in the Debtor's case. In light of the relief requested, Jenner submits that no further notice is required.

48. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Jenner respectfully requests: (i) allowance of compensation for professional services rendered during the Application Period in the amount of $16,400.50; (ii) final allowance on compensation in the amount of $2,710,686.84 for the period December 31, 2009 through April 30, 2016; (iii) allowance of reimbursement for actual and necessary expenses Jenner incurred during the Application Period in the amount of $1,256.67; (iv) final allowance of reimbursement for actual and necessary expenses incurred by Jenner for the period December 31, 2009 through April 30, 2016 in the amount of $49,407.11; (v) authorization for the Trustee to pay Jenner such amounts; and (vi) that the Court grant such other and further relief as is equitable and just.

Dated: June 2, 2016

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Vincent E. Lazar*
      A Partner

Vincent E. Lazar (6204916)
Melissa M. Root (6288246)
Precious S. Jacobs (6300096)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: 312-222-9350
Facsimile: 312-527-0484